UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, WASHINGTON DEPARTMENT LICENSING, et al. | NO. **CV-12-3152-LRS** |
| Plaintiffs, | **ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**, *INTER ALIA* |
| v. | |
| THE TRIBAL COURT FOR THE CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, and its CHIEF TRIBAL COURT JUDGE TED STRONG, and the CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a Federally Recognized Tribe, | |
| Defendants. | |

**BEFORE THE COURT** is the Plaintiffs' Motion For Preliminary Injunction (ECF No. 15). The motion was heard with oral argument on an expedited basis on January 7, 2013. This order memorializes and elaborates upon the oral ruling provided by the court on January 7.

Whether a tribal court has exceeded the lawful limits of its jurisdiction is a federal question under 28 U.S.C. §1331. *National Farmers Union Insurance Companies v. Crow Tribe Of Indians*, 471 U.S. 845, 852-53, 105 S.Ct. 2447 (1985). Accordingly, this court has subject matter jurisdiction to determine whether the Yakama Nation Tribal Court has colorable or plausible jurisdiction to enjoin the Plaintiffs from taking further action to terminate the 1994 Consent

**ORDER GRANTING MOTION
FOR PRELIMINARY INJUNCTION-    1**

Decree, as modified in 2006, and to order the Plaintiffs to resume mediation in accordance with the terms of the Consent Decree.

The 1994 Consent Decree entered by this court was the result of an action filed by the Yakama Nation in 1993 (CY-93-3050-AAM) which invoked this court's federal question jurisdiction to adjudicate disputes involving treaties between Indian tribes and the United States. In 2004, the Yakama Nation filed a petition (CV-04-3079-CI) to invoke this court's continuing jurisdiction under Paragraph 4.2 of the Consent Decree to enforce the terms of said decree. That petition resulted in the 2006 modification of the Consent Decree embodied in a document titled "Settlement Agreement, Agreed Changes To Consent Decree, And Order." The 2006 modification resulted in the deletion of Paragraphs 4.1 and 4.2 of the Consent Decree "for maintaining the continuing jurisdiction of the court."

In the present captioned action, the Plaintiffs' Complaint does not attempt to invoke the "continuing jurisdiction" provisions of deleted Paragraphs 4.1 and/or 4.2. The fact these provisions were deleted does not divest this court of subject matter jurisdiction over a Consent Decree which it entered. This court retains exclusive inherent jurisdiction over a Consent Decree of which it cannot be divested, even by a stipulation of the parties. As long as the final remedy under a consent decree has not been achieved, the court entering the decree retains subject matter jurisdiction to interpret and enforce the decree's terms. *Nehmer v. U.S. Dept. Of Veterans Affairs*, 494 F.3d 846, 860 (9th Cir. 2007)("well-established that the district court has the inherent authority to enforce compliance with a consent decree that it has entered in an order, to hold

///
///
///

**ORDER GRANTING MOTION
FOR PRELIMINARY INJUNCTION- 2**

parties in contempt for violating the terms therein, and to modify a decree"). [1]
Here, the Yakama Nation asserts the final remedy under the Consent Decree has not been achieved. Furthermore, the court entering a consent decree is also the tribunal with the power to determine whether it has been fully complied with and should be dissolved or vacated. *Bd. of Educ. of Okla. City Pub. Schs. v. Dowell*, 498 U.S. 237, 247-50, 111 S.Ct. 630 (1991). Here, the State of Washington seeks to dissolve or vacate the Consent Decree.

Paragraph 4.1 of the Consent Decree referred to retention of jurisdiction for a period of one year "for the limited purpose of ensuring compliance with this Consent Decree," and Paragraph 4.2 referred to initiation of action "in this Court at any time for the limited purpose of requesting the Court to enforce the terms of this Consent Decree." In the present action, Plaintiffs do not seek to enforce the terms of the Consent Decree or otherwise ensure compliance with the Consent Decree. They seek a formal declaration that the Consent Decree has been terminated.

On the other hand, the Yakama Nation is seeking to enforce the terms of the Consent Decree by way of the action it commenced in the Yakama Nation Tribal Court seeking to compel the Plaintiffs to continue to engage in mediation with the Nation. In that regard, it is noted that Paragraph 4.6 of the

---

[1] *Beaver v. Kingman*, 246 Kan. 145, 785 P. 2d 998 (1990), a case relied upon by Defendants, is not to the contrary. The consent judgment in that case had an expiration date written into its terms which had been exceeded. Here, the Consent Decree does not contain such an expiration date. The *Beaver* court acknowledged that "[u]nless the consent judgment has an expiration date written into its terms, it remains in effect for an indefinite period until it is dissolved." *Id*. at 148.

**ORDER GRANTING MOTION
FOR PRELIMINARY INJUNCTION-    3**

Consent Decree was not deleted by way of the 2006 modification.  Paragraph 4.6 provides:

> Neither the Yakama Indian Nation, nor the State of Washington, nor officers acting on either government's behalf, may petition **the Court** to enforce this Consent Decree unless (a) the dispute resolution process described in ¶4.7 has been followed in good faith to completion without successful resolution, or unless (b) the other party fails to enter into the dispute resolution process or terminates the process before its completion.

(Emphasis added).

"The Court" is an obvious reference to the federal district court which entered the Consent Decree.  Pursuant to the plain terms of Paragraph 4.6, the Yakama Nation was obligated to bring its petition to enforce the Consent Decree in this court, alleging the State of Washington "terminate[d] the [dispute resolution process] before its completion."  Paragraph 4.6 does not authorize that petition to be brought in tribal court

Paragraph H of the 2006 "Settlement Agreement, Agreed Changes To Consent Decree, And Order" states:

> The parties agree that the provisions of ¶4.1 and ¶4.2 for maintaining the continuing jurisdiction of the court should be deleted.  The parties agree to resolve further disputes exercising mutual good faith on a government to government basis and, **to the extent they are unable to resolve such disputes, the dispute resolution process in ¶4.7 shall apply.**

 (Emphasis added).  Paragraph 4.6 specifically refers to the dispute resolution process of Paragraph 4.7 and allows either party to petition "the Court" (the federal district court) to enforce the Consent Decree if the dispute resolution process has been followed in good faith  to completion without successful resolution, or a party fails to enter into the dispute resolution process or terminates the process before its completion.  Because of Paragraph 4.6, it is not reasonable for the Yakama Nation to believe the tribal court can be used to enforce the dispute resolution clause at Paragraph 4.7.  And because of

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION-     4**

Paragraph 4.6 and this court's exclusive inherent jurisdiction over a Consent Decree entered by it, it was not necessary for Defendants to expressly disclaim tribal court jurisdiction in the Consent Decree.

Because of this court's exclusive inherent and express jurisdiction to enforce compliance with the Consent Decree, and to dissolve or vacate the Consent Decree, the Yakama Nation Tribal Court's exercise of subject matter jurisdiction is neither colorable or plausible.[2] Accordingly, exhaustion of tribal court remedies is not required. It is "plain" that tribal court jurisdiction is lacking and therefore, exhaustion would serve no purpose other than delay. *Nevada v. Hicks*, 533 U.S. 353, 369, 121 S.Ct. 2304 (2001).

The Yakama Nation has waived its sovereign immunity to the present action by virtue of the Nation having commenced the previous action which resulted in the Consent Decree over which this court retains jurisdiction. Because Yakama Nation Tribal Court Judge Strong acted outside the scope of his authority in asserting jurisdiction, it is proper to enter injunctive relief against him. Even were there not a waiver of tribal sovereign immunity, however, the action against Judge Strong would not be barred. "Tribal sovereign immunity does not bar a suit for prospective relief against tribal

---

[2]Because of the Consent Decree, the court deems it unnecessary to discuss at length the principles articulated in U.S. Supreme Court and Ninth Circuit decisions governing tribal jurisdiction over non-Indian entities, other than to agree with the Plaintiffs that the Consent Decree does not fit within the consensual relationship exception set forth in *Montana v. United States*, 450 U.S. 544, 565, 101 S.Ct. 1245 (1981), and to observe that there is no authority which has held that a State sovereign entity is subject to the jurisdiction of a tribal court.

officers allegedly acting in violation of federal law." *Burlington N. R.R. Co. v. Blackfeet Tribe*, 924 F.2d 899, 901 (9th Cir. 1991), *overruled on other grounds by Big Horn County Elec. Coop., Inc. v. Adams*, 219 F.3d 944, 953 (9th Cir. 2000).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id*. at 376. There is a strong likelihood the Plaintiffs will prevail on their argument that the Yakama Nation Tribal Court lacks jurisdiction to adjudicate the parties' dispute regarding the Consent Decree. Furthermore, the Plaintiffs are likely to suffer irreparable harm if they are compelled to litigate the dispute in a forum which does not have jurisdiction. For the same reason, the balance of the equities tips in favor of Plaintiffs. Defendants are not deprived of a forum to entertain their claims because those claims will be heard in this court instead of tribal court.[3] It is in the public interest that the parties' dispute be resolved in the forum which is properly vested with subject matter jurisdiction over the dispute.

Plaintiffs' Motion For Preliminary Injunction (ECF No. 15) is **GRANTED** and it is hereby **ORDERED** that:

///

///

---

[3] The Yakama Nation's Cross-Motion For Preliminary Injunction (ECF No. 44), which has been fully briefed, will be heard by this court with telephonic argument on January 31, 2013 at 2:30 p.m.

**ORDER GRANTING MOTION**
**FOR PRELIMINARY INJUNCTION-    6**

1. Pending further order of this court[4], Defendants herein, their representatives, agents and persons acting in concert with them, are **ENJOINED** from conducting, initiating, or participating in further proceedings under Yakama Nation Tribal Court Cause No. R-13-019.

2. Pending further order of this court, all orders of the Yakama Nation Tribal Court in Cause No. R-13-019 are **ENJOINED**, **STAYED** and without legal effect. These orders include Chief Judge Strong's Temporary Restraining Order of December 6, 2012, his orders of December 20, 2012, provisionally finding the Defendants to be in contempt, and his order scheduling and requiring Plaintiffs herein to participate in tribal court proceedings set for January 17, 2013.

3. Pending further order of this court, Defendants herein, their representatives, agents and persons acting in concert with them, are **ENJOINED** from conducting, initiating, or participating in any further proceedings or orders in Yakama Nation Tribal Court concerning this court's Consent Decree.

4. Plaintiffs will not be required to post a bond in order to secure this preliminary injunction.[5]

Defendants' Motion To Strike (ECF No. 41) is **DENIED**. This court is

---

[4]The Yakama Nation's Motion To Dismiss (ECF No. 67), filed January 6, 2013, is noted for hearing without oral argument on February 27, 2013. The Nation has requested oral argument and, at the appropriate time, the court will determine if oral argument is warranted.

[5]In the Ninth Circuit, the district court retains discretion "as to the amount of security required, *if any*." *Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011), quoting *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

**ORDER GRANTING MOTION
FOR PRELIMINARY INJUNCTION-    7**

1  fully informed of the parties' respective positions regarding interpretation of the
2  terms of the Consent Decree and has relied only on that evidence which is
3  admissible and relevant in weighing the parties' arguments concerning
4  jurisdiction and whether issuance of a preliminary injunction is warranted.
5  **IT IS SO ORDERED.**  The District Court Executive is directed to
6  forward copies of this order to counsel of record.
7  **DATED** this ___10th___ day of January, 2013.

9  *s/Lonny R. Suko*
10  _____
   LONNY R. SUKO
   United States District Court Judge

**ORDER GRANTING MOTION
FOR PRELIMINARY INJUNCTION-     8**