1  Gabriel S. Galanda, WSBA #30331                                    Hon. Lonny R. Suko
   Anthony S. Broadman, WSBA #39508
2  Ryan D. Dreveskracht, WSBA #42593
   Galanda Broadman PLLC
3  8606 35th Ave. NE, Suite L1
   P.O. Box 15146
4  Seattle, WA  98115
   (206) 691-3631
5
   Attorneys for Defendant Yakama
6  Nation

7

8
                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF WASHINGTON

10 | STATE OF WASHINGTON,                  | NO.  CV-12-3152-LRS
   | WASHINGTON DEPARTMENT OF              |
11 | LICENSING, CHRISTINE GREGOIRE,        | REPLY IN SUPPORT OF
   | Governor, and ALAN HAIGHT,            | DEFENDANT YAKAMA
12 | Director of Washington State          | NATION'S MOTION TO
   | Department of Licensing;              | DISMISS FOR INEFFECTIVE
13 |                                       | SERVICE
   | Plaintiffs,
14 |
   | v.
15 |
   | THE TRIBAL COURT FOR THE
16 | CONFEDERATED TRIBES AND
   | BANDS OF THE YAKAMA NATION,
17 | and its CHIEF TRIBAL COURT JUDGE
   | TED STRONG, and the
18 | CONFEDERATED TRIBES AND
   | BANDS OF THE YAKAMA NATION,
19 | a Federally Recognized Indian Tribe,

20 | Defendants.

21

REPLY IN SUPPORT OF DEFENDANT YAKAMA                        **Galanda Broadman PLLC**
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 1      8606 35th Ave. NE, Suite L1
                                                            P.O. Box 15146
                                                            Seattle, WA  98115
                                                            (206) 691-3631

Defendant Confederated Tribes and Bands of the Yakama Nation (the "Nation") respectfully reiterates its request that the Court dismiss Plaintiffs' Complaint pursuant to FED. R. CIV. PROC. 12(b)(5).[1]

## I.   ARGUMENT

**A.   Plaintiffs Failed To Effectively Serve The Yakama Nation.**

Plaintiffs appear to concede that this matter is controlled by Rules 4(j)(2), 4(e)(1), and 4(h)(A), which all look to Yakama law. ECF No. 115 at 9. The sole issue for the Court, then, is whether service upon the Nation has been perfected pursuant to the Revised Yakama Law and Order Code ("R.Y.C").[2] It has not.

According to Plaintiffs, they "did everything possible to perfect service under tribal law." *Id.* They started off well, addressing the summonses to the correct parties: Chief Judge Strong and the Yakama Nation Tribal Court were to be served at the Tribal Court, PO Box 151, Fort Road, Toppenish, WA. ECF Nos. 2-3.

---

[1] This Motion is once again made without waiver of any objections to the jurisdiction of the Court. The Nation does not waive, alter or otherwise diminish any rights, privileges, remedies or services guaranteed by the Treaty With The Yakama of 1855, 12 Stat. 951 (1859). Nor does the Nation waive its sovereign immunity from suit or service of process, in any form, or otherwise consent any Yakama agent or instrumentality to the jurisdiction of this Court or any tribunal.

[2] Plaintiffs make much of the Nation's past statements that the Tribal Court has been served. *See e.g.* ECF No. 115 at 4. It is conceivable that service upon the Tribal Court Clerk or a similarly situated employee would perfect service upon the Tribal Court. But service upon the Tribal Court is not at issue here.

REPLY IN SUPPORT OF DEFENDANT YAKAMA
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 2

Galanda Broadman PLLC
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

Summons to the Yakama Nation and its Chairman were addressed to 401 Fort Road, Toppenish, WA. ECF No. 3. Plaintiffs properly recognized that the Nation and its Tribal Court have separate offices, in separate buildings, with separate addresses. But that is all the State got right when initiating this suit.

Instructions were then "given to the process server to follow tribal law in effecting process." ECF No. 115-2, at 2. The process server "went to the Tribal Court located at 11 Wishpush Road in Toppenish, Washington," where a "receptionist . . . redirected [him] to Zorletta Westfield, a clerk for the Tribal Court."[3] ECF No. 115-1, at 2. The process server served the Tribal Court summons and complaint upon Ms. Westfield, who indicated that she was "authorized to accept service *for the* **Tribal Court**." *Id.* at 1 (emphasis added). Ms. Westfield did not indicate that she could accept service for the Nation or Judge Strong; she merely stated that "she would . . . giv[e] a copy to Judge Strong and Chairman Smisken [sic]." *Id.*

According to Plaintiffs, it was the Tribal Court's Clerk's Office that bore the burden of perfecting service upon the Nation, not Plaintiffs. ECF No. 115, at 8-9. This disingenuous attempt to shift the burden of service fails, for multiple reasons.

First, Rule 4's requirement that "[a] *plaintiff* is responsible for serving the defendant with both a summons and complaint" is unambiguous. *Alexander v.*

---

[3] Ms. Westfield is a "clerk for the Tribal Court," but an administrative clerk, not the Tribal Court Clerk. ECF No. 115-1, at 2.

REPLY IN SUPPORT OF DEFENDANT YAKAMA
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 3

Galanda Broadman PLLC
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA 98115
(206) 691-3631

*Astrue*, No. 06-0444, 2008 WL 4388495, at *1 (D. Nev. Sept. 5, 2008) (citing Fed. R. Civ. Proc. 4(c)(1)) (emphasis added); *see also Carrasco v. U.S. Government*, No. 06-5084, 2007 WL 764712, at *4 (W.D. Wash. Mar. 9. 2007) ("[T]he Federal Rules of Civil Procedure clearly states that . . . *the plaintiff* is responsible for service of a summons and complaint within the proper time period. . . . *Exceptional steps* must be taken to perfect service when the defendant is a corporation, association, the U.S. government or governmental agencies.") (emphasis added). Plaintiff's argument that a *defendant* is responsible for serving a *co-defendant* is ludicrous.

Second, R.Y.C. § 7.01.05 does not – and, indeed, cannot – relieve Plaintiffs of their duty to properly serve a defendant. That statute states, in full:

> The summons and complaint shall be served on the respondent by personal service or by mail. Service by mail shall be made by the Clerk by registered or certified mail, return receipt requested. The summons and complaint may be served personally by delivery to the respondent in person, by leaving copies thereof on the door of such abode. Any person designated by the Clerk, over twenty-one (21) years of age other than the plaintiff, may make personal service. The return receipt on mail delivery shall be kept in the docket as evidence of the receipt of notice and an affidavit of service shall be returned to the Clerk and filed in the docket which shall constitute proof of personal service.

R.Y.C. § 7.01.05. Here, the process server did not request that the Clerk service the summons and complaint by mail, no return receipt was requested, and no "return receipt on mail delivery" was filed into the docket. *Id.*; ECF No. 115-1. Nor was personal service rendered by Ms. Westfield; nor do Plaintiffs allege that it was. But even had Chairman Smiskin been served by the Tribal Court Clerk, R.Y.C. §

REPLY IN SUPPORT OF DEFENDANT YAKAMA
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 4

**Galanda Broadman PLLC**
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA 98115
(206) 691-3631

1    7.01.05 makes clear that it is not the Clerk who "may make personal service," but

2    "[a]ny person *designated by* the Clerk." R.Y.C. § 7.01.05 (emphasis added). Ms.

3    Westfield has not been so "designated."

4        The process server, Legal Couriers, Inc., on the other hand, has been

5    designated. According to Plaintiffs themselves, "Legal Couriers, Inc. had

6    previously served process on the Yakama Reservation and holds a business license

7    from the Yakama Nation for th[e] purpose" of carrying out and perfecting service

8    on individuals and organizations on the Yakama Reservation. ECF No. 115, at 3.

9        Under Yakama law, the process server was required to go to the address

10   printed on the Court-issued summons and hand the summons and complaint to

11   Chairman Smiskin. The process server has been licensed by the Nation to carry out

12   this very act. *Id.* It is not clear why the process server did not follow this process

13   as to the Nation. Indeed, the process server does not even allege that the Nation

14   was properly served; only that Ms. Westfield was "authorized to accept service for

15   **the Tribal Court**" – as she may well have been. ECF No. 115-1, at 1 (emphasis

16   added). But, again, the Tribal Court is not the Nation. That the process server

17   interpreted Ms. Westfield's statement that she would "giv[e] a copy to Judge Strong

18   and Chairman Smisken [sic]" as her authority to perfect service on the Nation is

19   unfortunate. *Id.* at 2. Regardless, "serv[ing] the pleadings on [a] tribal court clerk

20   employee" does not perfect service upon the Nation under either FED. R. CIV. PROC.

21   4 or R.Y.C. § 7.01.05. ECF No. 115 at 3.

REPLY IN SUPPORT OF DEFENDANT YAKAMA
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 5

**Galanda Broadman PLLC**
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA 98115
(206) 691-3631

### B.   Plaintiffs' Return Of Service Does Not Provide *Prima Facie* Evidence That Service Was Perfected Pursuant To Tribal Law.

"A return of service generally serves as *prima facie* evidence that service was validly performed." *Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008). "[T]he rule applies, however, only to matters within the knowledge of the officer making the return." *Pagel v. Inland Paperboard & Packaging, Inc.*, No. 09-1132, 2010 WL 107649, at *3 n.7 (C.D. Ill. Jan. 7, 2010) (quotation omitted). A return does not, as Plaintiffs allege, provide "*prima facie* evidence that service was **properly accomplished**." ECF No. 115 at 7 (emphasis added).

Here, the return proves only that the summons and complaint were served upon Ms. Westfield, who accepted service for the Tribal Court and the Tribal Court only. ECF No. 115. Ms. Westfield did not accept service for the Nation, nor did she represent that she was authorized to do so. *Id.* at 1; *see also* ECF No. 4, at 2 (stating that Ms. Westfield "is designated by law to accept service of process on behalf of [the] Yakama Nation Court Clerk," not the Yakama Nation). The Nation does not challenge that service was performed as described in the return. The Nation is not, for instance, arguing that "proof(s) of service were clearly manufactured, falsified, and perjured." *Guthrie v. JD Enterprise*, No. 11-0911, 2012 WL 2502696, at *3 (S.D. Cal. June 8, 2012). Rather, the Nation is challenging a defect in service that is apparent on the face of the return – Plaintiffs

REPLY IN SUPPORT OF DEFENDANT YAKAMA
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 6

**Galanda Broadman PLLC**
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

clearly served the wrong party.[4]  Plaintiffs have submitted nothing to show that the Nation, as opposed to the Tribal Court, was correctly served.

## C.    The Nation Has Not Waived The Defense of Insufficient Service.

The Nation has **expressly** preserved the defense of insufficient service in **each and every** substantive pleading filed in this Court.  *See e.g.* ECF Nos. 17-20, 42, 44, 57, 68, 76, 96.  As the Court noted in *Jackson v. U.S.*:

> The clear language of R[ule] 12(b) requires that the defense of insufficiency of process or insufficiency of service of process be made before or concurrently with the responsive pleading, either by motion or within the responsive pleading. . . . [E]ach of the Defendants' [R]ule 12 motions . . . contain . . . reservation language.  The defense is finally raised in [the instant motion].  Thus the question arises whether the Defendants may specifically reserve these defenses.  This Court concludes that they may.

138 F.R.D. 83, 86 (S.D. Tex. 1991).  Other courts have ruled similarly.  *See e.g. Nat'l Union Fire Ins. Co. of Pittsburgh v. Aerohawk Aviation*, 259 F.Supp.2d 1096, 1101 (D. Idaho 2003); *McWherter v. CBI Services*, 153 F.R.D. 161, 165 (D. Hawaii 1994).  Even were there any ambiguity in the Nation's preservation of this

---

[4] Plaintiffs' argument that the Nation must provide "sworn testimony to rebut" the factual assertions made in the return is odd, considering that document was filed in their Response briefing.  ECF No. 115 at 7.  Any declaration offered in reply would fall under the exception providing that a declaration which "merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons . . . . [R]eply papers – both briefs and affidavits – may properly address those issues."  *Memphis Pub. Co., v. Newspaper Guild of Memphis*, No. 04-2620, 2005 WL 3263878, at *2 (W.D. Tenn. Nov. 30, 2005).

REPLY IN SUPPORT OF DEFENDANT YAKAMA
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 7

Galanda Broadman PLLC
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

defense – there is not – "courts have declined strict application of the waiver rule when the defense of insufficiency of process is raised." *Heise v. Olympus Optical*, 111 F.R.D. 1, 4 (N.D. Ind. 1986) (citing cases). Put bluntly, Plaintiffs' waiver argument is farcical and should not be indulged in the least by the Court.

**D.    Plaintiffs Did Not Have Good Cause And Did Not Substantially Comply With The Service Requirements Of Rule 4.**

Citing to *Direct Mail Specialists v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988), Plaintiffs argue that "[i]t would certainly be 'fair, reasonable and just' to imply [Ms. Westfield's] authority to receive service," and, thus, the service was "sufficient" to defeat a Rule 12(b)(5) motion, as they "substantially complied" with Rule 4. ECF No. 115 at 11.

But in *Jones v. Automobile Club of S. Cal.*, 26 Fed.Appx. 740 (9th Cir. 2002), the Ninth Circuit Court of Appeals revisited *Direct Mail*, considerably narrowing the "substantial compliance" test. Under *Jones*, *Direct Mail* does not apply in instances where the defendant "is not a small company," the person served "was not the only person working in [the] offices," and the employee "expressly informed [the] process server that [s]he was not authorized to receive service." *Id.* at 743. Here, *Direct Mail* is even further off the mark: (1) the Yakama Nation is a government, with three independent branches – it is not a "small company"; (2) Ms. Westfield was not the only person working in Chairman Smiskin's office – indeed, Ms. Westfield does not work for Chairman Smiskin; she works in an entire different branch of government, with separate offices, in a separate building; and (3) Ms.

REPLY IN SUPPORT OF DEFENDANT YAKAMA
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 8

Galanda Broadman PLLC
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA 98115
(206) 691-3631

Westfield indicated that she was able to accept service for the *Tribal Court* only. ECF No. 4, at 2; ECF No. 115-1 at 1. *See Jumpp v. Jerkins*, No. 08-6268, 2010 WL 715678, at *18 (D.N.J. Mar. 1, 2010) (distinguishing *Direct Mail* where the receiver of process was "not integrated" with the defendant and had no "sufficient authority to be called a managing or general agent" of the defendant). Under these circumstances, even where, as here, the person who receives service states that she will "personally deliver[] the documents," there is no "sufficient basis for inferring . . . substantial compliance."[5] *Jones*, 26 Fed.Appx. at 744.

**E. Plaintiffs Failed To Effectively Serve The Yakama Tribal Court And Yakama Nation Chief Tribal Court Judge Ted Strong.**

Service upon Ms. Westfield is ineffective as to Judge Strong for the reasons discussed above and raised in the Nation's motion in chief.

**F. Plaintiffs' Latest Disregard Of The Federal Rules Warrants Dismissal.**

Plaintiffs argue that "the facts demonstrating service justify an extension of time to cure any deficiency, not dismissal." ECF No. 115 at 17.

> When service of process is challenged, the serving party bears the burden of proving . . . good cause for failure to effect timely service. Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. Additionally, some showing of good faith on the part of the party

---

[5] Plaintiffs' argument that the Nation's participation in this litigation establishes "perfected service" is baseless. ECF No. 15 at 10. "[A]ctual notice alone [i]s not enough to allow the court personal jurisdiction over the defendant." *Prewitt Enter. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 924 n.14 (11th Cir. 2003).

**Galanda Broadman PLLC**
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA 98115
(206) 691-3631

seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation and citation omitted); *see also Johnson v. Clark*, No. 11-2287, 2013 WL 646022, at *2 (D. Ariz. Feb. 21, 2013) (same, citing Ninth Circuit authority).

Here, the Nation has relentlessly objected to Plaintiffs' method of service, and further notified Plaintiffs, in the presence of the Court three months ago, that service of process on a Tribal Court employee does not properly effect service on *the Nation*. Plaintiffs have acknowledged their failure to address the deficiency, but have refused to address the problem. ECF No. 76 at 6 n.1. "Good cause only exists in rare circumstances. [S]trategic reasons do not constitute good cause," nor does "inadvertence or negligence." *Johnson*, 2013 WL 646022, at *2 (citation and quotation omitted). Plaintiffs' daft assumption that "the tribal court clerk is responsible for" serving an entirely separate branch of government – a notion that would not pass the laugh test in the non-Indian context – does not establish "good cause." ECF No. 115 at 16. Nor does inadvertence or negligence.

## II.   CONCLUSION

The Court must now dismiss Plaintiffs' Complaint, without prejudice, pursuant to FED. R. CIV. PROC. 12(b)(5).

DATED this 2nd day of May, 2013.

                s/Gabriel S. Galanda
                Gabriel S. Galanda, WSBA# 30331
                Anthony S. Broadman, WSBA #39508

REPLY IN SUPPORT OF DEFENDANT YAKAMA
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 10

**Galanda Broadman PLLC**
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

Ryan D. Dreveskracht, WSBA #42593
Attorneys for Confederated Tribes and Bands
of the Yakama Nation
GALANDA BROADMAN, PLLC
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631 Fax:  (206) 299-7690
Email:    gabe@galandabroadman.com
Email:    anthony@galandabroadman.com
Email:    ryan@galandabroadman.com

REPLY IN SUPPORT OF DEFENDANT YAKAMA
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 11

**Galanda Broadman PLLC**
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

# CERTIFICATE OF SERVICE

I, Gabriel S. Galanda, declare as follows:

1. I am now and at all times herein mentioned a legal and permanent resident of the United States and the State of Washington, over the age of eighteen years, not a party to the above-entitled action, and competent to testify as a witness.

2. I am employed with the law firm of Galanda Broadman PLLC, 8606 35th Ave. NE, Suite L1, Seattle, WA 98115.

3. On May 2, 2013, I filed the foregoing document, which will provide service to the following via ECF:

Fronda Woods

Rob Costello

Bill Clark

The foregoing statement is made under penalty of perjury and under the laws of the State of Washington and is true and correct.

Signed at Seattle, Washington, this 2nd day of May, 2013.

s/Gabriel S. Galanda

REPLY IN SUPPORT OF DEFENDANT YAKAMA
NATION'S MOTION TO DISMISS FOR INEFFECTIVE SERVICE – 12

Galanda Broadman PLLC
8606 35th Ave. NE, Suite L1
P.O. Box 15146
Seattle, WA 98115
(206) 691-3631