UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, WASHINGTON DEPARTMENT LICENSING, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE TRIBAL COURT FOR THE CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, and its CHIEF TRIBAL COURT JUDGE TED STRONG, and the CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a Federally Recognized Tribe,<br><br>Defendants. | NO. **CV-12-3152-LRS**<br><br>**ORDER DENYING MOTION TO DISMISS FOR INEFFECTIVE SERVICE** |

**BEFORE THE COURT** is the Fed. R. Civ. P. 12(b)(5) Motion To Dismiss For Ineffective Service (ECF No. 108) filed by Defendant Confederated Tribes And Bands Of The Yakama Nation (referred to herein as "Yakama Nation" or "Nation"). The motion is heard without oral argument.

The parties agree that per Fed. R. Civ. P. 4, Revised Yakama Code (R.Y.C.) Section 7.01.05 provides how service is to be accomplished upon each Defendant (Yakama Nation Tribal Court, Chief Tribal Court Judge Ted Strong, and the Yakama Nation). Section 7.01.05 provides:

> The summons and complaint shall be served on the respondent by personal service or by mail. Service by mail shall be made by the Clerk by registered or certified mail,

**ORDER DENYING MOTION TO
DISMISS FOR INEFFECTIVE SERVICE- 1**

return receipt requested. The summons and complaint may be served personally by delivery to the respondent in person, by leaving copies thereof on the door of such abode. Any person designated by the Clerk, over twenty-one (21) years of age other than the plaintiff, may make personal service. The return receipt on mail delivery shall be kept in the docket as evidence of the receipt of notice and an affidavit of service shall be returned to the Clerk and filed in the docket which shall constitute proof of personal service.

It is agreed that "Clerk" is a reference to the Yakama Nation Tribal Court Clerk.

Plaintiffs contacted a process server, Legal Couriers, Inc., to arrange for service on the Defendants. Legal Couriers, Inc., had previously served process on the Yakama Reservation and holds a business license from the Yakama Nation for that purpose. Indeed, the Nation acknowledges that Legal Couriers, Inc., has been designated by the Tribal Court Clerk under R.Y.C. Section 7.01.05 as an entity which may make personal service. On December 18, 2012, the Legal Couriers, Inc., process server obtained three summonses from the U.S. District Court in Yakima, one for each Defendant, and then traveled to the Tribal Court Clerk's Office where he delivered those summonses, along with three copies of the Plaintiffs' Complaint, to "tribal court clerk employee, Zoretta Westfield." (ECF No. 115 at p. 3). While the Yakama Nation Tribal Court is housed in offices located 11 Wishpoosh Road in Toppenish, Washington, the offices of the Yakama Nation are located in a separate building at 401 Fort Road in Toppenish.

The "Return Of Service" prepared by the process server (ECF No. 115-1) indicates he delivered the summonses and complaints to "Zoretta Westfield as Tribal Court Clerk at the address of Yakama Nation, Fort Road, Toppenish, WA 98948, who stated they are authorized to accept service for the Tribal Court For The Confederated Tribes And Bands Of The Yakama Nation . . . ." The statement by the process server does not indicate that "they" (presumably the

**ORDER DENYING MOTION TO
DISMISS FOR INEFFECTIVE SERVICE- 2**

Tribal Court) were also authorized to accept service for The Confederated Tribes And Bands Of The Yakama Nation. In the "Return Of Service," the process server further states:

> We received documents to be served on the Tribal Court For The Confederated Tribes And Bands Of The Yakama Nation and it's (sic) Chief Tribal Court Judge, Ted Strong (In His Official Capacity) and The Confederated Tribes And Bands Of The Yakama Nation, a federally-recognized Indian tribe, Defendant(s) on 12-18-12. At 11:20 a.m. on 12-18-12, I went to into the tribal court located at 11 Wishpoosh Road in Toppenish, Washington. **I spoke to a receptionist that directed me to Zoretta Westfield, a clerk for the tribal court**. I explained to her what I had. She said she would take care of it, including giving a copy to Judge Strong and Chairman Smisken (sic).

(ECF No. 115-1)(Emphasis added).

The Nation claims that Ms. Westfield is an administrative clerk for the tribal court, and not the Tribal Court Clerk. The statement by the process server is not to the contrary. The record does not firmly establish that Ms. Westfield was "designated" by the Tribal Court Clerk to personally serve the documents on Chairman Smisken or otherwise authorized to accept service on behalf of the Nation in accord with R.Y.C. Section 7.01.05.

That said, the Plaintiffs' argument that the Nation has waived the defense of insufficiency of service of process is not lightly disregarded. The "Notice[s] Of Limited Special Appearance" filed on December 21, 2012 (ECF Nos. 18, 19 and 20), by counsel for the Nation recite that "[t]his Notice incorporates a continuing objection to the sufficiency of Plaintiffs' alleged service of process under Fed. R. Civ. Proc. 12(b)(5)," citing *Tonasket v. Sargent*, 830 F.Supp.2d 1078, 1082 (E.D. Wash. 2011) and quoting therefrom that "[T]ribal officials acting within the scope of their authority[] are immune from court process." This suggested the defense was based on an immunity from process as opposed to some defect in the service of process.

**ORDER DENYING MOTION TO
DISMISS FOR INEFFECTIVE SERVICE- 3**

On January 6, 2013, the Nation filed a Motion To Dismiss (ECF No. 67) seeking dismissal of Plaintiffs' Complaint on the basis of lack of subject matter and personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (2), and on the basis of failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The motion was not brought pursuant to Fed. R. Civ. P. 12(b)(5), although in a footnote in its opening memorandum (ECF No. 68 at p. 2), the Nation repeated its "continuing objection to the sufficiency of Plaintiffs' alleged service of process under Fed. R. Civ. Proc. 12(b)(5)," again citing *Tonasket v. Sargent*, and quoting therefrom that "[T]ribal officials acting within the scope of their authority[] are immune from court process." In a footnote in its reply memorandum (ECF No. 82 at p. 2), the Nation once more reasserted its "continuing objection to the Plaintiffs' alleged service of process under Fed. R. Civ. Proc. 12(b)(5)," but this time, instead of citing *Tonasket v. Sargent*, simply added that "Plaintiffs did not properly effect service." There was no further elaboration, however, on how service may not have been properly effected.

At the January 7, 2013 hearing on the Plaintiffs' motion for preliminary injunction, counsel for the Nation, while acknowledging that he was appearing only on behalf of the Nation, asserted that Chief Judge Strong had not been properly served because "simply handing documents to a court clerk does not effect service under the chief judge, meaning he was not personally served," and because he was also "immune from service of process." (ECF No. 77 at pp. 35-36) . Counsel did not, however, specifically argue how there was insufficiency of service of process with regard to the Nation.

On January 11, 2013, after this court had entered its order preliminarily enjoining further proceedings in Tribal Court (ECF No. 75), the Nation filed a "Limited Answer" (ECF No. 76), asserting as an affirmative defense that "Plaintiffs['] claims are barred by insufficient process and service of process."

**ORDER DENYING MOTION TO**
**DISMISS FOR INEFFECTIVE SERVICE- 4**

In its March 3, 2013 order denying the Nation's Motion To Dismiss, this court, in a footnote (ECF No. 98 at p. 4, n. 1), acknowledged the Nation's objection to the sufficiency of service of process and stated that "[a]s this objection is based on the Nation's assertion of sovereign immunity, it is overruled because of the court's finding that the Nation has waived said immunity." As is apparent, based on the limited information previously provided to it in the Nation's papers, this court perceived the Nation's defense to be one of immunity from process as opposed to improper service of process. It was not until the Nation filed its instant Motion To Dismiss For Ineffective Service, over three months after the action was commenced and after extensive motion practice, that it became clear the Nation contends it was improperly served with process and why that is so.

If any Rule 12 motion is made, a failure to join with it a motion challenging process waives the defect. Fed. R. Civ. P. 12(h)(1). Rule 12(h)(1) provides that a party waives a 12(b)(5) defense by omitting it from a motion in the circumstances described in 12(g)(2). Rule 12(g)(2) provides that a party who makes a motion under Rule 12 must not make another motion under Rule 12 raising a defense or objection that was available to the party but omitted from its earlier motion. Arguably, the Nation's earlier Rule 12 motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted "omitted" a 12(b)(5) defense or objection based on insufficient service of process. This is so notwithstanding the footnoted references in the memoranda in support of the earlier Rule 12 motion to a continuing objection under Rule 12(b)(5), particularly so when accompanied by a cite to a case standing for the proposition that Indian tribes and tribal officials acting within the scope of their authority are entitled to sovereign immunity from lawsuits, which, in turn, makes them immune from court process. *Tonasket*, 830 F.Supp.2d at 1082

**ORDER DENYING MOTION TO
DISMISS FOR INEFFECTIVE SERVICE- 5**

("Indian tribes, and tribal officials acting within the scope of their authority, are immune from lawsuits or court process in the absence of congressional abrogation or tribal waiver").

While the court will not deem the Nation to have waived its defense of insufficiency of service of process, it certainly will not dismiss the action. The equities clearly do not favor such a result. Over 120 days have now passed since the complaint was filed in this matter. If a defendant has not been served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against the defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Under Rule 4(m), the court must extend the time for service for an appropriate period if good cause is shown for the failure to effect service. Moreover, even where good cause cannot be shown for failure to timely serve a defendant, a district court is to consider whether a permissive extension of time is warranted under the equities of the case. *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1131-33 (11th Cir. 2005); *Mann v. American Airlines*, 324 F.3d 1088, 1090 n. 2 (9th Cir. 2003); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995); and *Petrucelli v. Bohringer & Ratzinger, GmBH Ausdereitungsanlagen*, 46 F.3d 1298, 1305-06 (3rd Cir. 1995). Assuming there was defective service on the Nation, the equities here warrant an extension of time: the Nation has not been prejudiced; it has obviously received actual notice of the lawsuit; and finally, it was not until over three months after the action was commenced and after extensive motion practice had already been engaged in that the nature and the accompanying specifics of the Nation's 12(b)(5)

**ORDER DENYING MOTION TO
DISMISS FOR INEFFECTIVE SERVICE- 6**

objection became clear.[1]

The Nation's Motion To Dismiss For Ineffective Service (ECF No. 108) is **DENIED**. Within a reasonable time, the Plaintiffs shall effect service of a new summons and complaint upon the Nation (i.e., by requesting a waiver of service pursuant to Fed. R. Civ. P. 4(d)(1) and, if the Nation does not waive service, have Legal Couriers, Inc., personally serve Chairman Smiskin with the summons and complaint).[2]

The court finds no reason to await completion of corrected service upon the Nation to proceed with this litigation. **Accordingly, within seven (7) days of the date of this order, the Nation and the Plaintiffs shall serve and file proposals regarding a litigation schedule.** The proposals shall identify the scope of anticipated discovery and a deadline by which it can be completed; proposed dispositive motion deadline; proposed trial dates including an estimate

---

[1] In their brief filed in response to the Nation's Motion To Dismiss for lack of jurisdiction and failure to state a claim, Plaintiffs acknowledged the Nation's objection to the sufficiency of service of process, but noted "the basis for that objection is unclear," as indeed it was. (ECF No. 78 at p. 6, n. 1).

[2] No appearance has been made on behalf of the Tribal Court or Chief Judge Strong and therefore, those entities currently do not have standing to challenge the sufficiency of service of process upon them. The court makes no ruling as to whether the service on either of them was defective, although it is noted that Plaintiffs are not precluded from effecting new service of summonses and complaints upon them. At the January 7 hearing, counsel for the Nation represented to this court that Judge Strong was not taking the position that a preliminary injunction would not be binding on him in spite of alleged defective service. (ECF No. 77 at p. 36).

**ORDER DENYING MOTION TO
DISMISS FOR INEFFECTIVE SERVICE- 7**

of the length of trial; and any other matters the parties wish the court to consider in crafting a scheduling order. Plaintiffs have previously suggested the need for some interim arrangement while this litigation is pending, but the court will not consider the same absent the filing of a motion.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies of the same to counsel of record.

**DATED** this ___14th___ day of May, 2013.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge

**ORDER DENYING MOTION TO
DISMISS FOR INEFFECTIVE SERVICE- 8**